UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Jerry Jarell McKnight, #605927,           ) C/A No. 4:21-4093-MGL-TER
               Petitioner,           )
                                       )
vs.                                      )
                                       )
United States of America,                )      ORDER
               Respondent.          )
_____)

      Petitioner is a federal pre-trial detainee and has a pending criminal action in this court. Petitioner pleaded guilty in No. 5:20-cr-00454 before the undersigned on November 10, 2021. On December 20, 2021, Petitioner filed the instant § 2241 Petition arguing that this court is without jurisdiction over Petitioner, that he was in lawful possession of a firearm, and that he is factually innocent of a § 922(g) violation. (ECF No. 1). Petitioner's request for relief is to dismiss his federal criminal case. (ECF No. 1).

      In the criminal action, Petitioner has not moved to withdraw his guilty plea and proceedings are ongoing in his criminal action. On January 25, 2022, the undersigned entered the following order in this § 2241 action: "It appears to the Court that the arguments Petitioner raises in this petition would be better presented in his criminal case, 5:20-cr-00454-MGL-*United States v. McKnight*, instead. Therefore, not later than February 8, 2022, Petitioner shall either file a motion to dismiss his petition without prejudice or file a brief containing his arguments as to why the Court ought not dismiss his petition on that same basis. The Court will construe Petitioner's failure to file anything by February 8, 2022, as his agreement that the Court ought to dismiss his petition without prejudice." (ECF No. 7).

      Petitioner responded on February 9, 2022, stating: "I agree that the issues I raised in the § 2241 petition would be better presented in the selective criminal case." (ECF No. 11). Petitioner then

argues that he does not want to cause any resentment or confusion in attempting to present the issues from this Petition in his pending criminal case and would rather the issues be decided in his § 2241 action. (ECF No. 11). Plaintiff implies his attorney in the criminal action will not raise the issues in the Petition. (ECF No. 11).

"Pre-trial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (internal quotations and citation omitted). "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. State of Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (*quoting Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Petitioner has a pending federal criminal case in this court and can raise his concerns via motion in his criminal action. Petitioner has not shown "special circumstances" which would justify habeas review.

"It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918).  Courts routinely dismiss as premature

habeas petitions filed during the defendant's criminal trial and raising claims that should be addressed as part of the criminal proceedings. *See, e.g., In re Williams*, 306 Fed. Appx. 818, 819 (4th Cir.2009) (unpublished); *Meyers v. Mukasey*, 2009 WL 210715, at *1 (E.D.Va. Jan. 28, 2009) (finding "[w]here habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal"); *see also Elkins v. United States*, No. 7:12CV00058, 2012 WL 1016066, at *1-2 (W.D. Va. Mar. 23, 2012).

Because Petitioner's claims are not appropriately raised under § 2241, this § 2241 action is summarily dismiss without prejudice and without requiring the respondent to file a return.

**IT IS SO ORDERED.**

April 4 , 2022                                          s/Mary Geiger Lewis
Columbia, South Carolina                    United States District Judge